### 18896. TWIGGS COUNTY BANK *v.* McCALLUM.

DECIDED FEBRUARY 21, 1929.

*Jones, Jones & Johnston,* for plaintiff.

*L. D. Moore, J. D. Shannon,* for defendant.

STEPHENS, J. (After stating the foregoing facts.) Article 19, section 46 of the banking act approved August 16, 1919, and effective January 1, 1920 (Ga. L. 1919, p. 135 et seq.), provides that "all transfers of notes, bonds, bills of exchange, or other evidences of debt owing to any bank, or deposits to its credit; all assignments, mortgages, conveyances or liens; all judgments or decrees suffered or permitted against it; all deposits of money, bills or other valuable things for its use, or for the use of its stockholders or creditors; and all payments of money, either after insolvency, or in contemplation of insolvency, with a view to prevent application of its assets in the manner prescribed· in this Act, or with a view to the preference of one creditor over another, shall be null and void, provided such acts enumerated were committed within three months prior to the failure of such bank."

One who has money in a bank on general deposit is a creditor of the bank, and a withdrawal by the depositor of any of the money so deposited is a payment of money out of the assets of. the bank. *Hill* v. *Western & Atlantic Railroad Co.,* 86 *Ga.* 284 (12 S. E. 635) ; *McGregor* v. *Battle,* 128 *Ga.* 577 (58 S. E. 28, 13 L. R. A. (N. S.) 185). The petition, in alleging payment by the bank to a depositor of money on general deposit in the bank, alleges a payment of money to a creditor of the bank in contemplation of the above-stated provision of the banking act.

It is insisted by the defendant that, after the passage of the banking act of 1919, it was essential to the invalidity of a pay-

ment of money by an insolvent bank to a creditor that at the time of payment the creditor had knowledge of the insolvency of the bank. In support of this contention reliance is had upon section 2360 of the Civil Code of 1910, which provides that "all conveyances, assignments, transfers of stocks, or other contracts made by a bank in contemplation of insolvency, or after insolvency, except for the benefit of all creditors and stockholders, shall be fraudulent and void, unless made to an innocent purchaser for value without notice or knowledge of the condition of the bank." Whether or not the provisions of this section have application to the payment by an insolvent bank of money on deposit to a depositor therein, they are, in so far as they may conflict with the provisions of the banking act of 1919, superseded and repealed by the provisions of the later act. The act of 1919 is very elaborate. Its codification in both the Park and the Michie codes contains about 221 sections. In the volume of the published acts it covers 87 pages. It deals exhaustively with banking conditions in this State, and in article 21, section 1, it provides that when the act takes effect, it "shall then supersede all existing laws regulating banks and banking in this State." There being in the act no provision making knowledge of the insolvency of the bank on the part of a person receiving payment of money from the bank a condition to the invalidity of the payment, no knowledge on the part of the defendant of the insolvency of the bank, as provided in section 2360 of the Civil Code of 1910, which is expressly repealed by the act of 1919, supra, is required to render invalid a payment of money to the defendant by the bank while the bank is insolvent and within three months prior to its failure. As to what manner of payment would prevent the application of the assets of the bank in the manner prescribed by the banking act or would constitute a preference, or what proof would be required to establish the insolvency of the bank at the time of payment, this court now is not called upon to decide. It is sufficient now to hold that it is essential to the invalidity of the payment of money by a bank that the bank at the time be insolvent and that the payment be made with the purpose and intent and under the other conditions referred to in the statute. The petition is good as against general demurrer and the allegations in the petition are matters for proof upon the trial.

Under the allegations in the petition the payment by the bank

of the money on deposit to the depositor was, under the provisions of the banking act of 1919, null and void. After the failure of the bank, the money was subject to recovery by the superintendent of banks, having control of the bank for the purpose of liquidation. The court erred in sustaining the general demurrer to the petition. *Judgment reversed. Bell, J., concurs.*

JENKINS, P. J., concurs in the judgment.